United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN KIEFER, | No. C 09-2640 MHP (pr) |
| Petitioner, | **ORDER TO SHOW CAUSE** |
| v. | |
| A. HEDGEPETH, warden, | |
| Respondent. | |

## INTRODUCTION

John Kiefer, a prisoner incarcerated at the Salinas Valley State Prison, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

In this habeas action, Kiefer challenges an August 7, 2008 prison disciplinary decision that resulted in the forfeiture of 121 days of time credits upon a finding that he was in possession of a controlled medication on June 30, 2008.

Kiefer alleges that he filed unsuccessful habeas petitions in state courts, including the California Supreme Court, before filing this action.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

The process due in a prison disciplinary proceeding that results in the loss of time credits (assuming that such a loss of credits inevitably would affect the duration of the prisoner's confinement) includes written notice, time to prepare for the hearing, a written statement of decision, allowance of witnesses and documentary evidence when not unduly hazardous, and aid to the accused where the inmate is illiterate or the issues are complex. Wolff v. McDonnell, 418 U.S. 539, 564-70 (1974). Due process also requires that there be "some evidence" to support the disciplinary decision. Superintendent v. Hill, 472 U.S. 445, 454 (1985). The Due Process Clause only requires that prisoners be afforded those procedures mandated by Wolff and its progeny; it does not require that a prison comply with its own, more generous procedures. The procedural protections also may include an unbiased decision-maker, as a "'fair trial in a fair tribunal is a basic requirement of due process.' . . . This applies to administrative agencies which adjudicate as well as to courts." Withrow v. Larkin, 421 U.S. 35, 46 (1975) (citations omitted) (combination of investigative and adjudicative functions does not necessarily show a biased decision-maker); see also Morrissey v. Brewer, 408 U.S. 480, 489 (1972) (due process requires neutral and detached decision-maker for parole revocation hearing).

The petition in this action alleges two due process claims. Liberally constructed, the allegations that the evidence was insufficient to support the decision and that the decision-

2

maker was biased are cognizable claims for due process violations.  Those claims warrant a response.

The petition also alleges that the disciplinary decision violated petitioner's Eighth Amendment rights and his right to equal protection.  The petition does not allege any facts suggestive of an Eighth Amendment claim, and the discipline of a 121-day loss of time credits does not amount to cruel and unusual punishment.  Similarly, the petition does not allege any facts suggestive of a violation of the Equal Protection Clause, as there is no indication of different treatment of similarly situated people.  City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985) ("The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike."); Thornton v. City of St. Helens, 425 F.3d 1158, 1168 (9th Cir. 2005) (evidence of different treatment of unlike groups does not support an equal protection claim).  The claims for an Eighth Amendment and Equal Protection Clause violation are dismissed.

## CONCLUSION

For the foregoing reasons,

1.  The petition alleges cognizable due process claims based on insufficient evidence to support the disciplinary decision and a biased decision-maker.  All other claims are dismissed.

2.  The clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California.  The clerk shall also serve a copy of this order on petitioner.

3.  Respondent must file and serve upon petitioner, on or before **December 18, 2009**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent must file with the answer a copy of the disciplinary decision records pertaining to the challenged decision.

4. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **January 29, 2010**.

5. Petitioner is responsible for prosecuting this case. He must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: October 29, 2009

Marilyn Hall Patel
United States District Judge